[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a personal injury action wherein plaintiff claims to have sustained injuries as a result of a fall on ice accumulated in a parking lot. The plaintiff has alleged in her complaint that defendant "owned the premises and was responsible for the maintenance, safety and control of the premises." The premises where the alleged fall occurred are identified as "215 Popes Farm Road, Milford, Connecticut." Complaint, ¶¶ 3 and 4.
Defendant has filed a Motion for Summary Judgment claiming there is no genuine issue of material fact in that defendant did not "own, control, or possess the premises where the plaintiff alleges injury." In support of its motion, defendant filed an affidavit of its president, Louis D'Amato, that defendant did not own "property located at 215 Popes Farm Road, Milford, Connecticut, during the year 1999." Def. Exh. A, ¶ 5.
Plaintiff filed a memorandum and documents in opposition to the Motion for Summary Judgment. Plaintiff argues that, regardless of ownership, defendant, through its insurer, has acknowledged its responsibility for the snow removal operations at the premises. The exhibits attached to plaintiff's memorandum acknowledge that defendant did perform snow removal operations at "215 Pepe Farms Road, Milford, Connecticut" which is identified therein as the location of the fall. Pl. Exh. C.
Due to the apparent misspelling of the street name in the complaint, defendant's affidavit that it did not own property at "215 Popes Farm Road" does not resolve the issue of ownership of 215 Pepe's Farm Road. From the exhibits attached to plaintiff's objection to this motion, it is clear that defendant was put on notice of the incident and the correct address of the premises. CT Page 2286
Secondly, even if defendant is not the owner of "215 Pepe's Farm Road," either, this still does not resolve the issue of liability. There is an issue of fact as to whether defendant performed the snow removal operations at the location of the fall. Even as a contractor, defendant may be liable to plaintiff for her physical injuries if plaintiff can show that defendant failed to exercise reasonable care when performing the duty owed by the property owner to the plaintiff. Gazo v. City ofStamford, 255 Conn. 245, 253 (2001).
Accordingly, there are significant issues of fact in dispute, and defendant is not entitled to summary judgment. Connecticut Practice Book § 17-44 et seq.
Defendant's Motion for Summary Judgment is denied.
So ordered.
The Court
Sequino, J.